## A. O. COMER ET AL. v. EDGAR BYERS.

### Decided July 1, 1905.

**1.—Rescission of Contract—Assignment of Patent Right.**

Where plaintiff assigned to defendants an interest in a patent for compressing cotton in consideration of a promise by defendants to build a machine therefor according to the patent, and to make all necessary tests of the same at their expense, and to manufacture and sell the machine, if it should prove successful and satisfactory, and to pay plaintiffs $12,000 out of the first profits derived from sales thereof, and defendants built the machine and made the required tests, which proved neither successful nor satisfactory, defendants were under no obligation to pay plaintiff the $12,000, or any other sum, nor was plaintiff entitled to a rescission of the contract of assignment, although defendants did not contemplate making any further effort to get the press into general use.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*Simmons & Clendenen,* for appellant.—The contract sued upon is an absolute sale and transfer of the property described therein, without any condition, either express or implied, and the judgment for rescis-

sion was not warranted. A contract of assignment will not be rescinded at the suit of the assignor, without an allegation of fraud or offer to return the consideration, or other ground justifying equitable interposition. A clause in an assignment of a patent right providing for a forfeiture will be strictly construed in favor of the assignee. 22 Am. & Eng. Ency. Law, 425; Wethral v. Passaic Zinc Co., 6 Fisher's Patent Cases, 50; Nicholson Pavement Co. v. Jenkins, 14 Wall., 452; May v. Saginaw County, 32 Fed. Rep., 629; Cowles Electric Smelting Co. v. Lowery, 79 Fed. Rep., 331; Goodyear v. Carey, 4 Blatchf., 271; Atkins v. Park, 61 Fed. Rep., 953; Morgan v. National Pump Co., 74 Mo. App., 155; Poe v. Stockton, 39 Mo. App., 550.

*R. E. Carswell,* for appellee.—The trial court correctly concluded, as matter of law, that the sale to appellants of the eleven-twelfths of the letters patent was upon condition that appellants should test the baling press, and, if not found satisfactory, should return it to appellant. Petroleum Co. v. Oliver, 9 Texas Ct. Rep., 430; Tiedeman on Sales, secs. 201, 213.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by appellee, Edgar Byers, to recover from the appellants the sum of $12,000 damages for the alleged breach of a contract, and, in the alternative, for the cancellation of a conveyance of an interest in certain letters patent mentioned in a contract, the material parts of which are as follows:

"State of Texas,          }
"County of Tarrant.       {

"Know all men by these presents: That whereas, Edgar Byars, of Rhome, county of Wise and State of Texas, did obtain letters patent of the United States of America for an improved baling press, which letters patent are numbered 644,545, and dated February 27, 1900, and has applied for letters patent for improvements on said baling press; and whereas, said Edgar Byars is now the sole owner of said letters patent and improvements thereon, and whereas, A. O. Comer, J. A. Wilson, Geo. Battle, W. R. Loving, W. H. Diggs, L. L. Moore, all of Fort Worth, county of Tarrant and State of Texas, and A. Devereux, of Decatur, and M. T. Oats, of Rhome, both in Wise County, Texas, are desirous of acquiring an interest in said letters patent and in the letters patent to be obtained on the improvements on said baling press. Now, therefore, to all whom it may concern, be it known that, for and in consideration of the covenants and agreements of said Comer, and other parties above named, which covenants are hereinafter recited, I, the said Edgar Byars, have sold, assigned and transferred, and by these presents do sell, assign and transfer unto the said A. O. Comer, J. A. Wilson, Geo. Battle, W. R. Loving, W. H. Diggs, L. L. Moore, A. Devereux and M. T. Oats, an undivided eleven-twelfths part of the entire right, title and interest in and to said invention set forth in said application executed by me, and in and to all improvements that may be made by me on said baling press; the said eleven-twelfths part to be held and enjoyed by the said A. O. Comer, J. A. Wilson, Geo. Battle, W. R. Loving, W. H. Diggs, L. L. Moore, A. Devereux and M. T. Oats for

their own use and behoof, and for the use and behoof for their heirs and assigns forever, to the full end of the term for which said letters patent are or may be granted, as fully and entirely as the same would have been held and enjoyed by me had this assignment and sale not been made.

"In consideration of the above assignment and sale the said A. O. Comer, J. A. Wilson, Geo. Battle, W. R. Loving, W. H. Diggs, L. L. Moore, A. Devereux and M. T. Oats agree and bind themselves to proceed at once to build a baling press according to said letters patent, and make all necessary tests of the same at their expense. As a further consideration for said assignment and sale the said purchasers hereby agree that, if said press proves to be successful and satisfactory, they will proceed with due diligence to manufacture and sell baling presses at their own expense, and pay to the said Edgar Byars the sum of twelve thousand dollars out of the first profits derived from the manufacture and sale of presses under said letters patent and the letters patent to be obtained on improvements on said baling press."

A trial was had before the district judge, which resulted in favor of appellee, canceling the conveyance upon the ground that the sale was upon the condition that the defendants in the action would pay the plaintiff the sum of money mentioned, which they had failed to do. The court, after setting out the contract, made further findings of fact as follows:

"2d. That in spring of 1901 the defendants, at their own expense, had constructed a press for the purpose of testing said press, or round-bale system; that they employed plaintiff to assist and supervise the construction of the same, and thereafter tested the same, and had pressed some forty or more bales of cotton; that said test was not entirely satisfactory, nor did it work as well as it ought to have worked, the principle trouble being the lack of a suitable conveyor to carry cotton from gin to the press and distribute the same evenly in the press, so that the bale would be of uniform proportion; that with the machinery they had the bale would have more cotton at some parts than at others, and for that reason they could not, and did not, turn a nice or good bale. That after the test so made defendants made some effort to get said presses manufactured and to place same on the market; this they continued till about January, 1902, but failed to meet with any success, and since said time they have not made any effort to have said press manufactured or placed upon the market. That they are not now making any effort to do anything to put said press on the market, or to realize anything therefrom; that the plaintiff has repeatedly importuned defendants to go on with their contract, but this they refused to do.

"3d. I find that the plaintiff (defendants), in having manufactured and testing said press, expended the sum of $4,000.

"4th. That with some few new improvements said press could be made to operate successfully. That the plaintiff could devise a means of carrying cotton from gin to press that would work successfully, but this he has never been called on to do, nor have defendants offered to pay for the manufacture of means or apparatus. That about the time

the defendants were testing said press and attempting to place same on the market, there arose in the cotton-growing country a strong prejudice against the round-bale system (and the press in question is the round-bale system), so much so that the said round-bale system could not be made popular, and for this reason the defendants could not have been very successful in selling the same or getting it in use. And I do not believe the defendants will ever make another effort to get said press into general use so that they can, from money raised in this way, ever pay the plaintiff the sum promised. That they have never paid him anything, nor have they ever realized anything themselves."

An inspection of the terms of the contract set out discloses that the consideration for the assignment of the eleven-twelfths interest in the patent conveyed by appellee to appellants is a promise upon their part "to proceed at once to build a baling press according to said letters patent, and to make all necessary tests of the same at their expense," and the further consideration that, "if said press proves to be successful and satisfactory," they will proceed to manufacture and sell presses, and pay to appellee the sum of $12,000 out of the first profits derived therefrom. The findings of fact, which we adopt, show clearly that, in respect to building a press and making a test, appellants have fully complied with their agreement. The findings of fact also show that the contingency, to wit, that the press should prove to be successful and satisfactory, upon which their further promise to pay $12,000 was made to depend, has never happened, inasmuch as said press, after having been tested, was neither successful nor satisfactory. This being true, they were under no obligations whatever to pay the sum of $12,-000, or any other sum. They have in all respects complied with their contract, and we see no reason why appellee is entitled to a rescission.

The judgment of the District Court is therefore reversed, and judgment rendered in favor of appellants.

*Reversed and rendered.*

Writ of error refused.